**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No.:  1:26-CR-15** |
| | **(JUDGE KLEEH)** |
| **CODY LEE SMITH,** | |
| **Defendant.** | |

## <u>DETENTION ORDER</u>

On March 24, 2026, came the United States of America by Andrew R. Cogar, Assistant United States Attorney, and came Defendant, Cody Lee Smith, who appeared in person and by counsel Hilary L. Godwin, for an Arraignment and a hearing on the Motion to Detain filed by the Government [ECF No. 5], in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f). Probation Officer Nikki Berger also attended. The parties presented argument on the matter of detention.

Defendant is charged in Count One and Count Two with Threats Against the President, in violation of Title 18, United States Code, Section 115(a)(1)(B); in Count Three with Influencing and Retaliating Against Federal Officials by Threat, in violation of Title 18, United States Code, Section 115(a)(1)(B); and in Count Four with Influencing and Retaliating Against Federal Officials by Threat, in violation of Title 18, United States Code, Section 115(a)(1)(B).

The Government provided that it is not disputed that Defendant made numerous comments as described in the Indictment and Pre-Trial Services Report. Moreover, it argued Defendant's father explained that Defendant has previously brandished a .22 rifle with someone who Defendant had a disagreement with. Considering the totality of the underlying nature of the charges, which are credible inasmuch as they are Defendant's statements, and the prior behavior of Defendant, the

1

Government argued there is sufficient evidence that Defendant proposes a danger to community and thus, his detention is warranted.

Counsel for Defendant proffered that Defendant is a young, twenty-year-old local high school graduate and considering this, he is not a flight risk. Regarding his risk to the community, Defendant has a limited criminal history. Defendant acknowledges that he has substance abuse issues that need to be address and those issues started at approximately twelve years old. Moreover, counsel for Defendant explained that Defendant has been in custody since January 22, 2026 and has notice of the seriousness of the charges. Next, counsel argued that while not included in the Pre-Trial Services report, Defendant has previously been supervised for truancy matters as a juvenile and was successful. Additionally, he has previously been successful on home confinement and during that time received no violations or issues.  Also, when Defendant had to partake in drug testing previously and he was able to remain compliant. At bottom, counsel for Defendant argued that Defendant's substance abuse issues are the root cause of the underlying behavior of the instant matter inasmuch as his judgment was impaired at those times. Lastly, counsel for Defendant provided that (1) Defendant owns no firearms, and (2) there are no firearms in the home, specifically Defendant's father has removed his one firearm from the home. Thus, counsel for Defendant argued that given Defendant's past compliance, and considering he is not a flight risk, Defendant can be compliant with Pre-Trial Supervision and is not a risk to the community.

### A. The Standards

Title 18, United States Code, § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the

2

appearance of the person as required and the safety of any other person and the community.  Those factors are:

1.        The nature and consequences of the offense charged, including whether the offense is a crime of violence, a violation of Section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2.        The weight of the evidence against the person;

3.         The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4.        The seriousness of the danger to any person or the community that would be posed by the person's release.

### B.  Findings of Fact and Conclusions of Law

Upon consideration of argument presented, and of the Pre-Trial Services Report, the undersigned **FINDS** the Defendant <u>does not</u> present a flight risk. However, upon further consideration of the argument presented, and of the Pre-Trial Services Report, the Court **FINDS** that Defendant <u>does</u> present a danger to others and the community, by clear and convincing evidence. The Court agrees with the Government inasmuch as the Defendant's significant conduct in the case herein implies that he is a danger to the community. The undersigned acknowledges Defendant's substance abuse issues, however, those issues do not negate the seriousness of the charges and the underlying conduct. While the undersigned appreciates the argument presented by counsel for Defendant, Defendant's minor criminal history also does not invalidate Defendant's own behavior.  At bottom, the behavior herein was not isolated considering it spanned over a month.  More precisely, Defendant's behavior included, but is not limited to: (1) threatening rape,

(2) threatening murder, (3) displaying photos of Defendant possessing firearms, including an image of him possessing ammunition, magazines, and a long rifle, and (4) a phone call to Immigration and Customs Enforcement (ICE) where he threatened to kill ICE agents in Clarksburg, West Virginia, the tip line operator, and the operator's family. Defendant cannot overcome the fact that the chargers herein are of consequential and dangerous nature, regardless of his underlying substance abuse issues. Defendant's own behavior is serious and thus, he constitutes a significant risk to the well-being of the community at large. In sum, the Court agrees with the Government and the Pretrial Services Report, that there is no combination of conditions that assure the safety of the community.

For the reasons set forth herein and, on the record, the Court **FINDS** as follows:

1.      Based on the evidence presented by the Government, Defendant is not a flight risk by a preponderance of the evidence.

2.      Based on the evidence presented by the Government, Defendant is a danger to the community, by clear and convincing evidence.

3.      No bond conditions could be set to reasonably ensure Defendant's appearance or the safety of the community.

### C.  Decision

Based upon the evidence presented and the above findings of fact and conclusions of law, it is hereby **ORDERED** that the Government's Motion to Detain [ECF No. 5] is hereby **GRANTED** and that:

1.      Defendant is hereby remanded to the United States Marshals Service pending further proceedings in this case;

2.      Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.      Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4.      On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5.      Any Party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. §3145.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** March 24, 2026

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE