**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                   **Criminal Case No.: 1:26-CR-15**
                                          **(JUDGE KLEEH)**

**CODY LEE SMITH,**

      **Defendant.**

**<u>DETENTION ORDER DENYING DEFENDANT'S</u>**
**<u>MOTION [ECF NO. 18] FOR RELEASE TO TREATMENT</u>**

On March 24, 2026, Defendant in the above-captioned matter appeared herein for an Arraignment and Detention Hearing. On the same date, the Court entered a Detention Order [ECF No. 15] by which Defendant was denied pre-trial bond and remanded Defendant to the custody of the United States Marshals Service.

Now pending before the Court's is Defendant's motion [ECF No. 18] for release to a substance abuse treatment program, filed on April 2, 2026. By his motion, Defendant offers that he, "suffers from a serious addiction to controlled substances and would benefit greatly by receiving in-patient substance abuse treatment." [Id.]. The motion notes that Assistant United States Attorney Andrew Cogar has advised that the United States opposes this request for release. The motion is silent to the Probation Officer's position. Thus, the Court inquired with Probation Officer Nikki Berger who provided that while she agrees Defendant has a serious substance abuse issue that needs to be addressed, it does not outweigh the danger Defendant poses to the community and the inability to ensure the safety of the community at large.

Defendant has long stemming substance abuse issues that started at approximately twelve years old. [ECF No. 15, at 2]. While Defendant has an interest in attending treatment, the Court

1

cannot discern any persuasive factor in favor of release when considering the totality of the circumstances. First and foremost, as previously addressed [id.], Defendant's charges herein are consequential and serious in nature. More specifically, Defendant is charged in Count One and Count Two with Threats Against the President, in violation of Title 18, United States Code, Section 115(a)(1)(B); in Count Three with Influencing and Retaliating Against Federal Officials by Threat, in violation of Title 18, United States Code, Section 115(a)(1)(B); and in Count Four with Influencing and Retaliating Against Federal Officials by Threat, in violation of Title 18, United States Code, Section 115(a)(1)(B). Defendant's request for treatment to aid in addressing his substance abuse issues does not negate the behavior of the underlying charges, which includes, ". . . but is not limited to: (1) threatening rape, (2) threatening murder, (3) displaying photos of Defendant possessing firearms, including an image of him possessing ammunition, magazines, and a long rifle, and (4) a phone call to Immigration and Customs Enforcement (ICE) where he threatened to kill ICE agents in Clarksburg, West Virginia, the tip line operator, and the operator's family." [Id., at 3-4].

At bottom, the undersigned is aware of the importance of in-patient treatment programs and their pivotal role in addressing the serious kind of addiction which Defendant demonstrates. However, Defendant does not raise any new or pertinent information to convince the Court that he would not continue to pose a danger to the community given his behavior.

Considering the totality of the circumstances, Defendant's request is not practicable. Upon review of the motion and upon consideration of the entirety of the record herein, the Court **FINDS** that Defendant continues to be, by clear and convincing evidence, a danger to the community if the motion were granted.

Accordingly, it is hereby **ORDERED** that Defendant's motion for release to treatment [ECF No. 18] is **DENIED**, and Defendant continues to be **REMANDED** to the custody of the United States Marshals Service. It is further **ORDERED** that:

1.      Defendant shall be detained pending trial and confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and,

3.      On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: April 6, 2026

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

3